IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2019 AUG 30 AM 11:51

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

Civil Action No. _____
(To be supplied by the court)

Jack M. Delaney
_____, Plaintiff

v.

Lowe's Companies, Inc.
_____,

_____,

_____,

_____, Defendant(s).

(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)

**EMPLOYMENT DISCRIMINATION COMPLAINT**

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

## A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

**Jack M. Delaney, 7879 Kelty Trail, Franktown, CO 80116**
(Name and complete mailing address)

**(303) 667-1664  jmjdelaney@gmail.com**
(Telephone number and e-mail address)

## B. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: **Lowe's Companies, Inc., 1000 Lowe's Blvd.**
(Name and complete mailing address)
**Mooresville, NC 28117**
(Telephone number and e-mail address if known)

Defendant 2: **(704) 758-1000  info@lowes.com**
(Name and complete mailing address)

(Telephone number and e-mail address if known)

## C. JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check all that apply)*

____ Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. (employment discrimination on the basis of race, color, religion, sex, or national origin)

**X** Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, et seq. (employment discrimination on the basis of a disability)

**X** Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621, et seq. (employment discrimination on the basis of age)

**X** Other: *(please specify)* **Colorado House Bill 16-1432**

2

**D. STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action and the specific facts that support each claim. If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: __ADEA__

The conduct complained of in this claim involves the following: *(check all that apply)*

    ___ failure to hire      **X** different terms and conditions of employment

    ___ failure to promote      ___ failure to accommodate disability

    **X** termination of employment      **X** retaliation

    **X** other: *(please specify)* __Grade, L-7 (Perm) to L-1 (Temp)__

Defendant's conduct was discriminatory because it was based on the following: *(check all that apply)*

    ___ race      ___ religion      ___ national origin      **X** age

    ___ color      ___ sex      **X** disability

Supporting facts:
See attached addendum

CLAIM TWO: __ADA__

The conduct complained of in this claim involves the following: (*check all that apply*)

\_\_\_ failure to hire              **X** different terms and conditions of employment

\_\_\_ failure to promote           **X** failure to accommodate disability

**X** termination of employment    **X** retaliation

**X** other: (*please specify*) Grade, L-7 (Perm) to L-1 (Temp

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

\_\_\_ race          \_\_\_ religion      \_\_\_ national origin     \_\_\_ age

\_\_\_ color         \_\_\_ sex           **X** disability

Supporting facts:

SEE ATTACHED ADDENDUM

CLAIM ~~TWO~~ THREE: _Retaliation Colorado House Bill 16-1432_

Supporting facts:

FAILURE TO PROVIDE PERSONNEL FILE IN A TIMELY MANNER.

SEE ATTACHED ADDENDUM

## *Addendum: Statement of Claims*

1. After retiring from a successful lifelong career as a Research Scientist in the Chemical Industry, at the age of 75, I joined Lowe's Companies (located at 10000 Twenty Mile Road, Parker, Colorado 80134) as a Temporary Seasonal Associate (Level-1) on or about 4/2/2012 --- mixing paint, unloading pallets and stocking shelves.
2. By all accounts, I proved to be an exceptional employee and on or about 8/15/2012 I was offered a promotion to Permanent Electrical Associate (Level-2). Over the next several years, I received several awards, and I was frequently listed as one of the highest sales performers in the entire area (monthly reporting). I had multiple formal customer compliments (to corporate) and *never had a single customer complaint* --- which is a rarity in the retail industry, for all of the obvious reasons. There seemed to be a number of employees about my age early on, but few or none were offered permanent positions.
3. During this time, I worked primarily in the high volume departments, such as Paint, Electric, Hardware and Plumbing. I tend to volunteer for odd jobs, so I eventually became adept at mixing paint colors, cutting blinds, threading pipe, cutting tile, cutting keys, cutting lumber, electrical connections and evolved into a mentor for newer or less experienced Associates.
4. I was **repeatedly and rapidly promoted** --- ultimately to a Sales Specialist (Level-7) --- *(the highest non-managerial level in the company),* and joined a group of eight (8) Sales Specialists, in a store of 150 employees. Sales Specialists are the only employees who have the *authority to execute and sign contracts* on behalf of Lowe's. I worked primarily in Millworks, but I became competent in most of the departments and I frequently helped out during employee absences or special store needs.
5. On or about 5/15/2015, I had a minor heart issue and was off sick for three days. When I returned, I was asked by management to complete routine ADA (Americans with Disabilities Act of 1990) paperwork with the Reed Group. This did not change my job performance as a Sales Specialist at all over the next years. My doctors may have been overly protective in completing the ADA forms, but the bottom line was that I should not lift

more than about 25 pounds. In practice, I do not recall any time whatsoever where I needed special help with any lifting where an average, healthy employee would not need similar assistance.

6. On or about 1/4/2017, such an event occurred. I was asked by a co-worker to assist him with placing a large sliding double door on an "H" cart to move elsewhere in the store. The door weighs more than 400 pounds and the procedure is well thought out and quite routine. The door is tipped at a 45°angle and balanced by one employee while the second employee slides the cart under the door and it is eased back down and safely moved away. In the Accident Report, I stated that this very same employee and I had performed the exact task probably more than 100 times over the years, but this time it went sour. Instead of gently nuzzling onto the cart, the whole door toppled sideways and was falling toward me. My instincts out raced my brain and I sort of tried to hold the weight of the door as it went down --- I believe I might have been concerned that it was falling on my partner. At any rate, the strain tore the meniscus in my right knee with an unbelievable amount of searing pain. We managed to get the door on the cart without damage to the door or my coworker, and the incident was reported to my manager (... who was seated within several feet of us) within seconds. He summoned the Safety Manager and I received rapid triage and much TLC from her.

7. I was back to work on crutches within a day or two, but the injury eventually resulted in multiple cortisone treatments, two surgeries (attempted meniscus repair and eventually a total knee replacement) and multiple physical therapy treatments. When I returned to work, I was restricted from climbing ladders, but I performed all aspects of my job as a Sales Specialist, just as I had for the previous four years.

8. As a **Disabled American Veteran**, I have a hearing impairment incurred while I was a Weapons Instructor in the Marine Corps during the Korean War. I can hear customers perfectly, since I always position them in a chair to my left. However there is a loud speaker in the aisle to my right that plays music which impairs my ability to hear every word distinctly on the phone when certain songs are played. The VA, FCC and ADA jointly recommend a **captioned call phone** to completely alleviate this issue. It is totally funded by the FCC and I have such a phone at home. I was

contacted (by the VA, I believe) and they suggested that I could have a totally free phone installed at my desk, with absolutely no expense to either Lowe's or myself. Since my phone at home works so well, I requested that Lowe's allow one to be installed at my desk on 1/28/2018. I followed up every couple of weeks and finally, in May, 2018, my supervisor said that I would have to file an addendum to my current ADA paperwork. I did. On or about 5/30/2018, I received a phone call from Sabrina Borhum of the Reed Group discussing a captioned phone. We discussed my other claim (and even my Worker's Comp activity) and she indicated that there should be no problem with the phone. I have never heard from that particular ADA request since, one way or the other.

9. In less than two weeks, though, on or about 6/13/2018, I was removed from my position by the HR Manager and told to remain in the front of the store. II was **not given a work assignment or even a chair to sit in**. My long time supervisor (Assistant Store Manager David Rangle) was not even informed. I was not told why this change was being made and I was not given any paperwork whatsoever. It was a humiliating period in my life.

10. Again in less than two weeks, on or about 6/26/2018, I was summoned into the HR office for a three-way phone call with Sabrina Borhum of Reed, Theresa Smith, Lowe's HR Manager and myself. I was **told, *more than once*, by Ms. Borhum that I was terminated and I must leave the store immediately!** I asked if there would be any compensation and was told no, except that I could apply for disability. I asked how this affected my continuing Worker's Comp case. Ms. Borhum said that she did not know I had been on Worker's Comp and asked to speak privately with Ms. Smith. I left the room for a few moments and Ms. Smith then informed me that my termination would be delayed until 6/29/2018.

11. I documented the conversation that evening and sent a copy to Ms. Smith via e-mail. I asked for any corrections to the e-mail in the copy to her and I went further and asked **Ms. Smith** in person if the document was correct and she **agreed that it was**. I asked if I could tape record the call on Friday 6/29/2019 and she agreed. I brought in my tape equipment and we examined the office phone and we found that everything would fit.

12. On 6/29/2018, I met with Ms. Smith at the appointed time and I was surprised to learn that there would be no phone conversation with Ms.

Borhum. I was asked to close the door and sit down. I hesitated and asked if the HR Associate could be present as a witness and she said no. I then asked if I could get a manager to be present as witness and she said OK and we agreed on two specific managers being present.

13. Shortly thereafter, on 6/29/2019 during the meeting, Ms. Smith said that the conversation with Ms. Borhum on 6/26/2018 did not take place. She said my continuing employment had been discussed and that ***I would be demoted from Permanent Level Seven (7) to Temporary Level One (1) and I would be given a dust mask and I would sit on a stool near the front door and greet incoming customers.*** I would have no further duties. She was reading from a document and I asked for a copy --- five times --- to provide to my attorney and she refused five times. She asked if I accepted the demotion. I said I could not respond without a copy for my attorney and she refused again and ended the meeting. I documented the meeting in precise detail and sent copies to the two managers. I asked each of them if there were any errors in the account and they did not offer any corrections or additions.

14. On or about 7/2/2018 I asked to review my Personnel File --- which was in a cabinet two or three feet from where I was standing at the time. This normally is done instantly, or within minutes after my signing a written request, per Colorado House Bill 16-1432. I did sign the request, but the process was **delayed well over three months**, forcing me to file a complaint with the Colorado Attorney General before it was eventually provided --- at a cost to me of $21.25!
This seems to constitute retaliation for filing an EEOC complaint, so I requested information surrounding the unusual details. The legal department has yet to respond.

15. On or about 6/25/2019, I received a letter from Lowe's suggesting that I either return to work or provide information to Sedgwick why I cannot return to work. I immediately consulted with my health care provider and she said that I could return to my previous position as a Sales Specialist, Level Seven (7) **if the atmosphere meets OSHA health standards for all customers and employees.**
I faxed this information to Sedgwick on 7/3/2019 and I am eagerly awaiting a reply either from Sedgwick or Lowe's.

16.The facts support my claim of discrimination based on age, disability and/or retaliation. Two individuals who were working in Millworks, for example, are both working under ADA accommodations and are restricted from climbing ladders and lifting heavy weights. I am fairly certain that their accommodations preceded my and they are both at least ten years younger than I. They are Sales Specialist David Metzler and Lawrence Manning, who has since become a manager. There is at least one employee who is in a motorized wheel chair, and he is at least twenty years younger than I. I know there are at least twenty individuals in the store (out of ~150) who are under ADA accommodations (for lifting and climbing and possibly more) and who are ten or more years younger than I. None have been reduced in grade and made to sit on a stool with a mask. I am --- or was--- the oldest employee in the store.

I do have information concerning the rapidity of providing Personnel Files to employees, as below. But it involves information that was provided in confidence and I am duty bound to obtain her permission to provide her identity or for me to obtain it elsewhere.

Basically, there has never been a case in the Parker store where an employee requested permission to view his or her personnel file and was not granted immediate access. My file was withheld for over three months.

E. **ADMINISTRATIVE PROCEDURES**

Did you file a charge of discrimination against defendant(s) with the Equal Employment Opportunity Commission or any other federal or state agency? (*check one*)

☑ Yes (*You must attach a copy of the administrative charge to this complaint*)

☐ No

Have you received a notice of right to sue? (*check one*)

☑ Yes (*You must attach a copy of the notice of right to sue to this complaint*)

☐ No

F. **REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "F. REQUEST FOR RELIEF."*

SEE ATTACHED ADDENDUM.

I DEMAND A JURY.

G. **PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

8/30/2019
(Date)

(Revised December 2017)

5

## F. REQUEST FOR RELIEF.

My long term plans included working another four years in my position as a Sales Specialist, Level Seven (7).

It is the highest rank (below managerial levels) and is only reached by approximately five (5) percent of all of the employees. The salary is more than twice the salary of the lower levels, so Sales Specialists are obviously discouraged from the more menial tasks, such as unloading pallets stocking and gathering carts, simply on a basis of sound financial efficacy.

The manner in which I was forced out of the store was unnecessarily humiliating and created an impression that I had done something improper or even illegal. My reputation has been irretrievably stained.

I am asking for four year's salary (~$45,000 X 4) and approximately one and a half year's salary (~$70,000) as punitive damages, based on the fact that laws were clearly and intentionally broken and untruths were purposely generated to destroy my reputation in the community and discriminate against me.

The fact that I cannot walk without a cane now ( ... due to a Worker's Comp injury on the job) prevents me from obtaining an entry level position at a similar store and advancing up to the specialist's level in a reasonable period of time. The total monetary amount would be $250,000. This financial relief would not make me whole, but it would represent a fair attempt to recompense me for the unfair discrimination and discourage the employer from continuing to engage in similar behavior toward others.

ALSO SEEKING COMPENSATORY DAMAGES AND OTHER DAMAGES ALLOWED BY LAW.