# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02481-NYW

JACK M. DELANEY,

    Plaintiff,

v.

LOWE's HOME CENTERS, LLC,

    Defendant.

# ORDER

Magistrate Judge Nina Y. Wang

This matter comes before the court on Plaintiff Jack Delaney's ("Plaintiff" or "Mr. Delaney") Motion for Appointment of Counsel (or "Motion"), filed December 16, 2020. [#42]. The undersigned considers the Motion pursuant to 28 U.S.C. § 636(c) and the Order of Reference for all purposes dated October 23, 2019, [#13].

On August 30, 2019, Mr. Delaney initiated this civil action by filing his pro se Complaint, asserting claims against Lowe's for (1) disparate treatment, wrongful discharge, and retaliation in violation of the Age Discrimination in Employment Act ("ADEA") ("Claim 1") and (2) disparate treatment, failure to accommodate, and retaliation in violation of the ADA ("Claim 2"). *See* [#1]. The case proceeded through discovery, and Defendant moved for summary judgment on all claims on August 17, 2020. [#25]. On November 17, 2020, the court issued a Memorandum Opinion and Order granting Defendant's Motion for Summary Judgment, dismissed Plaintiff's claims with prejudice, and entered Final Judgment in favor of Defendant. *See* [#39; #40]. The Clerk of the Court terminated this matter with the entry of the Final Judgment.

Mr. Delaney filed a Notice of Appeal as to the court's Memorandum Opinion and Order granting summary judgment to Defendant and the Final Judgment on December 16, 2020. [#41]. That same day, Mr. Delaney filed the instant Motion requesting that the court appoint pro bono counsel. I consider the Motion below.

## ANALYSIS

The determination of whether to seek pro bono counsel in a civil case is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). But the court cannot appoint counsel; instead, the court can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (*citing Rachel v. Troutt*, 820 F.3d 390, 396-97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (providing factors that the court should consider in determining whether to appoint pro bono counsel). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.*

Mr. Delaney requests the appointment of pro bono counsel because he believes that "[a]ll of his arguments were ignored" at summary judgment and he needs help presenting them in court. [#42 at 1-2]. Given the court's entry of Final Judgment in favor of Defendant and Mr. Delaney's Notice of Appeal of the same and given the grievances Mr. Delaney raises in the instant Motion regarding this court, I construe the Motion as requesting appointment of pro bono appellate

2

counsel. Such a motion is more appropriately filed in the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") that will be handling Mr. Delaney's appeal. *See West v. Ortiz*, No. 06-1192, 2007 WL 706924, at *6 (10th Cir. Mar. 9, 2007) ("To the extent Mr. West sought appellate counsel, the magistrate judge correctly determined that a motion to [the Tenth Circuit] was more appropriate."); *Hawkins v. United States*, No. 05-CV-248-WDS, 2011 WL 665475, at *1 (S.D. Ill. Feb. 14, 2011) ("Petitioner's motion for appointment of counsel would be more appropriately handled by the Seventh Circuit Court of Appeals, which will be considering his appeal."). Thus, the court will deny the Motion.

Mr. Delaney is strongly encouraged to avail himself of the services provided by the Federal Pro Se Clinic located on the first floor of the Alfred A. Arraj Courthouse. He may make an appointment by phone (303-380-8786) or online at www.cobar.org/cofederalproseclinic, and will not be charged for his appointment.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1) Plaintiff's Motion [#42] is **DENIED without prejudice to filing in the Tenth Circuit**; and

(2) A copy of this Order shall be sent to:

> Jack M. Delaney
> 7879 Kelty Trail
> Franktown, CO 80116

DATED: December 17, 2020

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge